## BOSTON SAFE DEPOSIT & TRUST CO. et al. v. UNITED STATES.

### Civil Action No. 6397.

District Court, D. Massachusetts.

Jan. 7, 1948.

David Burstein, John T. Powell, and Hale & Dorr, all of Boston, Mass., for plaintiff.

George F. Garrity, Asst. U. S. Atty., of Boston, Mass., for defendant.

HEALEY, District Judge.

This is a suit for the recovery of income taxes in the sum of $14,101.84 paid by the taxpayers, as executors of the estate of Robert J. Dunkle, for the years 1940 and 1941.

A Stipulation of Facts agreed to and filed by the parties, and which I hereby incorporate into this memorandum by reference as a part of my findings of fact, may be briefly summarized as follows:

The plaintiffs' testator was a member of an insurance partnership during his lifetime. The partnership in question, together with two other partnerships, entered into a pooling arrangement whereby a specified percentage of the joint earnings of the three partnerships was payable to each partner. There was also a provision that upon the death of any partner, the executor of the deceased partner could become a partner and a party to the pooling agreement, in which event he would be entitled to receive for a specified period of years, a portion of that percentage of the earnings which the deceased was entitled to receive at the time of his death.

The testator died leaving a will in which he made a number of general money legacies. By the residuary clause, he directed the creation of a trust for the maintenance of certain real estate, and then gave the balance of his estate to his children. It appears from the accounts that by the end of the year 1940, all money legacies had been paid in full and the trust for the

maintenance of the real estate and the trust for the benefit of testator's sisters had been fully set up. The only persons therefore having any interest in the estate were the trustees under the third paragraph of the residuary clause, whose duties were to receive and disburse all funds forthwith to the children of the testator, who had vested interests.

The will contained provisions directing the executors to become a party to the partnership agreements and authorizing them to assign their interest to the trustees under the will. It also contained a provision directing the trustees to make all payments of income to the beneficiaries at least quarterly.

The plaintiffs duly qualified as both executors and trustees under the will.

The executors executed an agreement whereby they became parties to the pooling arrangment and in 1940 and 1941, they received payments of certain sums from the partnerships. In turn, they made payments to the trustees under the residuary clause, who forthwith transmitted those payments to the beneficiaries, the children of the testator.

The executors filed an account for the period ending March 20, 1941. This account showed the receipts from the partnerships as principal and the distribution of cash items in 1940 and 1941 as principal. These accounts were allowed and approved by the proper Probate Court; all the interested parties having assented thereto. The executors have filed no account since that date, although payments from the partnerships were received and disbursed after that date as shown by the copy of the executor's records which is in evidence.

The plaintiffs contend that the amount of the taxes in issue were paid on amounts paid to the trustees as income of the estate and later paid by the trustees to the beneficiaries of the trust as income of the trust. They claim that these amounts can be deducted by the executors from the income received by them for the years 1940 and 1941 for the purpose of computing the taxable income of the estate, in accordance with Section 162(c) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 162(c).

The government contends that those amounts were paid to the trustees and by the trustees to the beneficiaries as a part of the residue of the estate, and not as income, thus putting them outside the exemption of Sec. 162(c).

The sole question to be determined here is whether the amounts that the executors received from the insurance partnership out of the net profits of those partnerships and which these executors paid over to themselves as trustees of the trust for payment over to the beneficiaries, constituted payments of income or were a part of the corpus or residue of the estate.

Under the terms of the testator's will, the executors became members of the partnerships as provided for by the partnership agreements. As partners they were entitled to a certain share of the partnership profits and under the terms of the will, they paid over these profits to the beneficiaries under the trust.

 The right to share in the partnership profits was an asset of the testator's estate and was a part of the corpus of the estate. However, the amounts actually received from the partnership as a share of the profits was income to the estate. Bull v. United States, 295 U.S. 247, 55 S. Ct. 695, 79 L.Ed. 1421.

Counsel for the government contend that the partnership profits were paid over to the trustees and distributed to the beneficiaries as a part of the corpus of the estate, and not as income. They point out that in the accounts of the executors and trustees which were approved and allowed by the Probate Court, these sums were referred to as principal and not as income. They, therefore, assert that since the state court has approved and allowed the payments as "out of principal," the plaintiffs cannot now assert that they were income, since this court is conclusively bound to follow the determination by the state court.

 It is true that a federal court must apply state law in determining what persons are qualified to inherit property within that jurisdiction, the right of a person to make a testamentary disposition of prop-

erty, the conditions essential to the validity of wills or the construction of wills. Also the state establishes the procedure governing the probate of wills and the processes of administration. Cf. Lyeth v. Hoey, 305 U.S. 188, 193, 59 S.Ct. 155, 158, 83 L.Ed. 119, 119 A.L.R. 410. But "In dealing with the meaning and application of an act of Congress enacted in the exercise of its plenary power under the Constitution to tax income and to grant exemptions from that tax, it is the will of Congress which controls * * *." Lyeth v. Hoey, supra.

Thus, in determining whether a specific sum of money is a part of the net income of an estate or is a part of the residuary corpus, this court is bound by neither the classification made by the executor, nor the fact that the executor's classification is approved by the state court. Cf. Osburn California Corporation v. Welch, Collector of Internal Revenue, 9 Cir., 39 F.2d 41. In the instant case, it is immaterial that the accounts of the executors-trustees, approved by the Probate Court, referred to the payments in question as payments out of principal. The important question here is whether they constituted payments out of income within the meaning of Sec. 162(c), 26 U.S.C.A. Int.Rev.Code.

In my opinion, the right to share in the partnership profits was a chose in action which was a part of the residue of the testator's estate. However, the actual payments by the partnership to the executors of the share of the annual profits of the partnership constituted income to the estate. Thus, when the executors paid over these sums to themselves as trustees, or in effect to the beneficiaries, they were paying over income and not principal. It was income derived from the chose in action which was a part of the residue. As

such, it was deductible from the income of the estate for income tax purposes, in accordance with Sec. 162(c) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 162(c).*

Judgment for the plaintiffs in the sum of $14,101.84 with interest according to law.

Counsel for the plaintiffs will prepare an order for judgment for the plaintiffs which he will serve on the United States Attorney and submit to the court for approval within 10 days.

---

* Sec. 162.

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—* * *

"(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."